IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,896




EX PARTE SHELTON DENORIA JONES




ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE
NO. 596207-B IN THE 248TH DISTRICT COURT
HARRIS COUNTY




           Per Curiam. 


O R D E R

           This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071 § 5.
           In November 1991, a jury convicted applicant of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court
affirmed applicant’s conviction and sentence on direct appeal. Jones v. State, No. AP-71,369 (Tex. Crim. App. May 4, 1994)(not designated for publication). The Court denied
applicant’s initial post-conviction application for writ of habeas corpus and dismissed his
first subsequent application for writ of habeas corpus. Ex parte Jones, Nos. WR-62,589-01 and WR-62,589-02 (Tex. Crim. App. Oct. 26, 2005)(not designated for publication). 
           On March 6, 2006, this Court received the instant post-conviction application for
writ of habeas corpus in which applicant raised a single allegation asserting that the
former special issues failed to provide an adequate vehicle for the jury to give full
consideration and effect to his mitigating evidence. He asserted that the nullification
issue that he did receive suffered the same constitutional inadequacies. 
           After determining that the allegation met the requirements of Article 11.071 § 5,
this Court remanded the cause to the trial court for development and resolution of the
issue. The case has now been returned to this Court. 
           This Court has determined that the case should be filed and set. While the Court
will not hear oral argument, it has determined that both parties should brief the following
issues:
           1.        Was applicant’s trial objection sufficient to preserve error? Should this
Court continue to utilize the Almanza v. State, 686 S.W.2d 157 (Tex. Crim.
App. 1985), standard of review? If so, has applicant shown “some harm”
(if preserved) or “egregious harm” (if not preserved)?
 
           2.        Does applicant’s mitigating evidence meet the Tennard v. Dretke, 542 U.S.
274 (2004), “low threshold for relevance” standard? and 
 

           3.        Is applicant’s mitigating evidence adequately encompassed within the
statutory special issues? Does the future dangerousness issue provide a
vehicle for the jury to express its reasoned moral response to this evidence?

Briefs from both applicant and the State are due in this Court within 60 days of the date of
this order. No motions for extension of time to file will be entertained.
           IT IS SO ORDERED THIS THE 9TH DAY OF APRIL, 2008.
 
Do Not Publish